UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE ONE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-01031-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND, AND DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket Nos. 208, 212, 219 |

## I.    INTRODUCTION

Before the Court are Plaintiffs' motion to file a third amended complaint and Defendants' motion to dismiss the second amended complaint as moot. Plaintiffs allege disability discrimination based on being required by their health plan to enroll in a mail-order prescription program. This case was remanded by the Ninth Circuit after it revived Plaintiffs' disability discrimination cause of action under the Affordable Care Act, and Plaintiffs' Unfair Competition Law claim to the extent it relied on a violation of the ACA. The Supreme Court granted cert, but Petitioners—Defendants here—withdrew their cert petition before oral argument.

For the reasons set forth below, Plaintiffs' motion to amend is **GRANTED**, and Defendants' motion to dismiss is **DENIED** without prejudice.

## II.    BACKGROUND

Does 1-5 filed their initial complaint alleging, *inter alia*, disability discrimination under the Affordable Care Act. This Court dismissed their complaint, and the Ninth Circuit affirmed the dismissal except as to their ACA claim, which it revived. The Ninth Circuit held that Plaintiffs "adequately alleged that they were denied meaningful access to their prescription drug benefit,

1  including medically appropriate dispensing of their medications and access to necessary
2  counseling." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1211 (9th Cir. 2020). The Supreme
3  Court granted cert on the limited question of whether the ACA provides a disparate impact cause
4  of action for plaintiffs alleging disability discrimination, but the parties withdrew the case after
5  briefing but before oral argument. *CVS Pharmacy, Inc. v. Doe*, 210 L. Ed. 2d 990, 141 S. Ct.
6  2882, 2883 (2021).
7      In the intervening time, Does 2-4 have passed away, Doe 5 was dismissed for failure to
8  prosecute, and Doe 1 is no longer enrolled in the challenged program. Does 3 and 4 were
9  voluntarily dismissed from the case after their deaths, but Doe 1 and the estate of Doe 2 remain.
10  Defendants seek to dismiss this case as moot, arguing that Plaintiffs no longer have standing to
11  seek an injunction. Plaintiffs counter with a motion to amend their complaint to add Doe 6, who
12  they contend is enrolled in the mail-order prescription program, and to clarify their claim for
13  damages in addition to injunctive relief. Defendants claim that Doe 6 is enrolled in the mail-order
14  prescription program, but that he is not required to receive his HIV/AIDS medication through the
15  program and therefore would also not have standing to challenge the program on the basis of
16  HIV/AIDS disability discrimination.

### III.     LEGAL STANDARD

A.     Motion to Amend

    A party may amend a pleading once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1). Thereafter, amendment is only allowed after obtaining leave of the court, or by consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." *Id.* However, "the grant or denial of a subsequent opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether leave should be granted pursuant to a District Court's discretion, the Supreme Court has stated that:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave

sought should, as the rules require, be "freely given."

*Id.*

In the Ninth Circuit, the above listed factors—often referred to as the *Foman* factors—are not weighted equally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). Rather, courts have held that "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). However, a motion may be denied on grounds of futility of the proposed amendments irrespective of prejudice. *See generally Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018); *see also Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013).

B.  Motion to Dismiss

Under Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The "irreducible constitutional minimum" of standing requires that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins* ("*Spokeo II*"), 136 S. Ct. 1540, 1547 (2016). These three elements are referred to as, respectively, injury-in-fact, causation, and redressability. *Planned Parenthood of Greater Was. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements," which at the pleadings stage means "clearly . . . alleg[ing] facts demonstrating each element." *Spokeo II,* 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

A Rule 12(b)(1) jurisdictional attack may be factual or facial. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's

favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1038. In resolving such an attack, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* Moreover, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.*

Either way, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Warth*, 422 U.S. at 501; *see also Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc.*, 256 F.3d 879, 882 (9th Cir. 2001) (in assessing standing, the court may consider "the complaint and any other particularized allegations of fact in affidavits or in amendments to the complaint").

## IV. DISCUSSION

A. Motion to Amend

"[A] plaintiff must demonstrate standing separately for each form of relief sought[.]" *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000). Plaintiffs seek to amend their complaint in order to add Doe 6, who they contend has standing to seek injunctive relief as to the Caremark-administered health plan they challenge. They also seek to amend their complaint to "clarify" their allegations seeking monetary compensation, for which Doe 1 would have standing.

Defendants argue that these amendments are untimely and futile, and that the Court should instead dismiss the Second Amended Complaint as moot. They argue that none of the current Plaintiffs, including proposed new Plaintiff Doe 6, is enrolled in the challenged program, and therefore cannot seek injunctive relief. They also argue that no cause of action available to Plaintiffs would allow them to seek monetary damages.

4

1. Prejudice to Defendants

The Ninth Circuit has made clear that the most important factor for this Court to consider when granting leave to amend is the resulting prejudice to Defendants, but that this Court may also deny such a motion upon a finding of futility. *See Howey v. United States*, 481 F.2d at 1190 and *Hoang v. Bank of Am., N.A.*, 910 F.3d at 1103.

The only prejudice Defendants raise as a result of Plaintiffs' alleged delay in seeking to amend their complaint is the costs Defendants have incurred to litigate this case. Defendants argue that they have expended substantial resources litigating this case over the last five years, including a Ninth Circuit appeal, and a Supreme Court certiorari process and merits briefing.

The Writ of Certiorari was dismissed on November 21, 2021. *See* U.S. Supreme Court, Docket No. 20-1374: *CVS Pharmacy, Inc. v. Doe*. Doe Four was enrolled in the Caremark program until January 2022. Jones Decl. ¶ 6. Plaintiffs sought a stipulation to file an amended complaint in February 2023, after approximately one year had elapsed. While this does constitute some delay, Defendants have not sufficiently alleged that they were prejudiced by the delay aside from the general burdens of litigating the case. Such burden above is insufficient to establish prejudice which would preclude amendment. Plaintiffs also state that they are prepared to provide responses to the discovery Defendants previously served on the other named Plaintiffs as to John Doe Six to limit the any further delay.

2. Judicial Notice

In support of their futility argument, Defendants seek that the Court take judicial notice of letters incorporated by reference in Plaintiffs' proposed Third Amended Complaint, as well as a declaration by an employee of Caremark, LLC, who apparently investigated Doe Six's enrollment status. Declaration of J. Ramon Vickman, Docket No. 215-1.

Plaintiffs object.[1] Docket No. 221. "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Id.* (quoting *Marder v.*

---

[1] Defendants urge that this "objection" is procedurally improper, as the local rules require "Any evidentiary . . . objections" to a motion or opposition "must be contained within the [opposition] brief . . . [or] reply brief," respectively. L.R. 7-3(a), (c). However, Plaintiffs did not file a reply brief, so the Court will treat their objection as a reply and consider the merits of their objection.

5

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  This is not true where, as here, Defendants bring a factual attack under Rule 12(b)(1).  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1038.  In resolving such an attack, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.*  Moreover, the court "need not presume the truthfulness of the plaintiff's allegations."  *Id.*  Accordingly, it is appropriate for this Court to consider both parties' evidence relating to this jurisdictional dispute. It does so because of the factual attack on the complaint.  It need not resort to judicial notice.

3. Futility

In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  The alleged futility of these amendments turns on (1) Doe Six's standing to seek injunctive relief in this case, and (2) whether the law of the case and the mandate rule prevent Plaintiffs from adding an intentional discrimination cause of action under the ACA, in order for Plaintiffs to seek monetary damages.

B. Doe Six's Standing for Injunctive Relief

Defendants argue that Doe Six is not enrolled in the Program because his employer, Cisco, has opted to allow its employees to receive their HIV/AIDS medication in person at community pharmacies rather than through the mail.  Doe Six submits a declaration asserting that he never received notice that he was exempted from the program.  Docket No. 220-1 at ¶¶ 2-5.  At the hearing on June 22, 2023, counsel for Plaintiffs explained that Doe Six has been unable to verify whether he is indeed permitted to receive his medications in person because he can only pick up his medication in 90-day batches, and his current 90-day supply has not yet been depleted.

In light of the counterfactual presented by the Defendants in the Vickman declaration and exhibits, Plaintiffs may amend the complaint to allege that Doe Six is currently subject to the

6

challenged program. If Doe Six cannot do so consistent with Rule 11, he likely will not have standing to such injunctive relief.

### 1. Amendment to Seek Monetary Damages

Plaintiffs also seek leave to amend their complaint to "clarify their allegations of financial harm and intentional discrimination" with respect to their § 1557 claim. MTA at 1. This is because monetary damages are available only when a plaintiff alleges intentional discrimination. *See Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 74–75 (1992).

In reviving Plaintiffs' § 1557 claim, the Ninth Circuit clarified that § 1557 "does not create a new healthcare-specific anti-discrimination standard." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1210 (9th Cir. 2020). Instead, "[b]ecause Does claim discrimination on the basis of their disability, to state a claim for a Section 1557 violation, they must allege facts adequate to state a claim under Section 504 of the Rehabilitation Act." *Id.*; *see also Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 954 n.6 (9th Cir. 2020) (applying § 504 damages remedy standard to disability discrimination claims under § 1557).

Plaintiffs argue that under § 504, monetary damages are available when a plaintiff alleges intentional discrimination through a theory of deliberate indifference. *See Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008) (A defendant "can be liable for damages under § 504 if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons."). Consequently, plaintiffs seek to amend their complaint in order to clarify their theory of deliberate indifference.

#### a. Mandate Rule

Defendants contend that this amendment is barred by the law of the case doctrine and the mandate rule because, they argue, this Court already disposed of the intentional discrimination causes of action, and the Ninth Circuit affirmed that decision. Under the mandate rule, "a mandate is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on remand." *Burnham v. United States*, 544 F. App'x 660, 661 (9th Cir. 2013) (quoting *Firth v. United States,* 554 F.2d 990, 993 (9th Cir.1977)).

7

In dismissing Plaintiffs' First Amended Complaint, this Court found that Plaintiffs had failed to plausibly allege intentional discrimination in support of their Unruh Act claim, because a claim for intentional discrimination would require "willful, affirmative misconduct . . . more than the disparate impact of a facially neutral policy." *Doe One v. CVS Pharmacy, Inc.*, 348 F. Supp. 3d 967, 982 (N.D. Cal. 2018), *aff'd in part, vacated in part, remanded sub nom. Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204 (9th Cir. 2020) (quoting *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014). This Court wrote that any allegations of intentional discrimination "[were] undermined by references in the complaint to instances where CVS made accommodations or assisted Plaintiffs in accessing their prescription drug benefits." *Id.*

This Court addressed only intentional discrimination in contrasting it to a disparate impact theory. It did not address deliberate indifference as a basis for asserted discrimination. Notably, the Ninth Circuit held that Plaintiffs adequately alleged lack of meaningful access to their prescription drug benefits. In doing so, the Ninth Circuit wrote of the Supreme Court's decision in *Choate*: "[r]ather than try to classify particular instances of discrimination as intentional or disparate-impact, the Court focused on whether disabled persons had been denied 'meaningful access' to state-provided services. *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1210 (9th Cir. 2020) (quoting *Alexander v. Choate*, 469 U.S. 287, 302 105 S.Ct. 712, 83 L.Ed.2d 661 (1985)).

This Court may take action consistent with or not covered by the Ninth Circuit's mandate. Neither this Court nor the Ninth Circuit previously considered a deliberate indifference theory of discrimination in this action. Moreover, such a theory does not contradict the Ninth Circuit's mandate in reviving Plaintiffs' disability discrimination cause of action. Accordingly, the mandate rule does not bar this Court from granting Plaintiffs leave to amend to clarify their allegations in support of their deliberate indifference theory. *See United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000) ("lower court free to grant plaintiff leave to amend on remand where case was left open by the opinion and mandate of this court, and by the general rules of practice in equity") (internal quotation and citation omitted).

8

b. <u>Deliberate Indifference</u>

The Ninth Circuit has held "that plaintiffs must prove a *mens rea* of "intentional discrimination," to prevail on a § 504 claim, but that this standard may be met by showing "deliberate indifference," and not only by showing "discriminatory animus." *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008) (citing *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)). "Deliberate indifference requires both [1] knowledge that a harm to a federally protected right is substantially likely, and [2] a failure to act upon that [] likelihood."[2] *Duvall*, 260 F.3d 1124, 1139 (9th Cir. 2001) (internal citation omitted). "When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." *Id.*

The viability of Plaintiffs' deliberate indifference claim at this juncture turns on whether Defendants were on notice of the need for accommodation in order to afford meaningful access. There are four sources of information on which Plaintiffs base their claim that Defendants were on notice that a harm to a federally protected right was likely. First, Doe Six attempted to opt out of the Program through letters to his employer and the care plan and calls to claims representatives. Second, Doe Two made complaints to several regulators. Third, Plaintiffs allege that Defendants were aware that other health insurers had settled similar litigation seeking opt-out of mandatory mail order requirements for patients living with HIV/AIDS because those other cases were widely publicized in the media. Fourth, Plaintiffs allege that the parties in this case were involved in 18 months of negotiations prior to the institution of this litigation. These are discussed in turn.

i. <u>Plaintiffs' Attempts to Contact Defendants</u>

Defendants asserted at the hearing that in order for Plaintiffs to state a claim for deliberate indifference, Plaintiffs must demonstrate that high-level decisionmakers at CVS and Caremark

---

[2] The second prong of this test can be satisfied by a finding of failure to provide reasonable accommodations. In this case, the Ninth Circuit has already held that Defendants failed to provide reasonable accommodations to Plaintiffs, so this Court's analysis will focus on the first prong.

were made aware of the access issues before the plan was created, because once the program was in place it could no longer be changed by CVS. At the same time, they argue that informing claims representatives of the problem would not be sufficient to provide notice to decisionmakers because those complaints would never be filtered up to high-level executives at the companies. But this raises a question of fact that cannot be resolved on a motion to dismiss. Moreover, "the doctrine of *respondeat superior* is applicable to claims based on § 504 which are brought independently of § 1983." *Bonner v. Lewis*, 857 F.2d 559, 567 (9th Cir. 1988). Thus, notice to claims representatives would be imputed to decisionmakers.

In addition to the imputation issue, Defendants contend that Doe Six's letters were vague and failed to alert Defendants to a serious problem with respect to patients' access to HIV medication. In his four-paragraph letter, Doe Six wrote that he sought to opt-out of the mandatory mail-order program for his "specialty medications" but did not specify that these prescriptions were for HIV/AIDS medications, nor the compelling need to opt out. Docket No. 215-4, Exs. 3 (Ltr. of Nov. 4, 2022) & Docket No. 214-5 (Ltr. of Dec. 2, 2022)). His stated reason for his opt-out request was that "[he] travel[s] extensively for work, including extended trips outside the country, and being forced to get [his] medications either by mail or pick-up at CVS Pharmacy causes significant challenges to [his] ability to meet [his] travel and work obligations." *Id.* He goes on to explain that this process causes him stress because he is concerned about his medications being misdelivered, "which would result in a serious breach of [his] medical privacy" and that he takes the medication on a "strict schedule." *Id.*

As to Plaintiffs' phone communications with claims representatives, Defendants claim that such communications do not filter up to the health plan decisionmakers, and that failed to provide "notice" to Defendants. Plaintiffs counter that they took the only steps available to them to communicate their situation, and that any failure of the Defendant to receive such communications was by design.

It is not clear from the record what was communicated to the claims representatives. For example, "[Doe One] called CVS Caremark and spoke to a representative. [Doe One] demanded to get his medication from his local pharmacy. The CVS Caremark representative reiterated that he

had to get his prescriptions through the Program if he wanted his medication, or else pay out-of-pocket." TAC ¶ 23. Doe Two requested a "patient advocate," who was often too busy to assist him. *Id.* ¶ 36. Plaintiffs have plausibly alleged the existence of notice to Defendants but have not sufficiently described the contents of that notice. Accordingly, this Court cannot assess the adequacy of that notice based upon the pleadings currently before the Court. Plaintiffs should have leave to amend.

ii. <u>Complaints to Regulators</u>

Doe Two also "filed complaints with the California State Board of Pharmacy and the U.S. Department of Justice, Civil Rights Division, around [February 2016], seeking assistance with accessing his prescription drug benefit administered by CVS Caremark. In these complaints, [Doe Two] detailed his health and privacy concerns with the Program because of his disability. An inspector with the California State Board of Pharmacy subsequently contacted a director-level employee of CVS Health concerning [Doe Two's] problems with accessing his prescription drug benefit under the Program. Defendants ultimately took no corrective action concerning [Doe Two's] problems accessing his prescription drug benefit following these complaints. *Id.* ¶ 44. These complaints could provide a sufficient basis for Defendants' knowledge of the access problem.

iii. <u>Litigation Against Other Insurers</u>

Plaintiffs cite "widely publicized litigation alleging that mandatory, mail-order-only programs (like the Program here) violated the federal rights of people living with HIV." Proposed Third Amended Complaint ("TAC") Docket No. 213-2 ¶ 124. Plaintiffs cite three articles in their Third Amended Complaint, which are suitable for judicial notice as their authenticity is not disputed.[3] These articles are probative of Defendants' knowledge.

iv. <u>The Parties' Negotiations</u>

At the hearing on June 22, counsel for Plaintiffs asserted that the parties in this suit were

---

[3] United Healthcare Allows Opt-Out of Mail-Order HIV Meds, Poz.com (Sept. 11, 2014), https://tinyurl.com/29nes6sw; Anthem, Inc. Health Plans Expand Access to HIV/AIDS Specialty Medications, Consumer Watchdog, https://tinyurl.com/anr8pazc; Mandating Mail-Order Pharmacies, Poz.com (Aug. 6, 2013), https://tinyurl.com/57vteyky. Proposed TAC ¶ 124 n74.

11

involved in negotiations for 18 months, at which time high-level members of Defendants' entities were informed of the dispute in detail. This could state a plausible claim of Defendants' knowledge. However, these negotiations are not referenced in the proposed third amended complaint.

2. Conclusion

Plaintiffs have demonstrated that amendment would not be futile, and in light of Ninth Circuit precedent favoring leave to amend, the Court **GRANTS** Plaintiffs' motion to amend the complaint in order to clarify their allegations of deliberate indifference discrimination in support of monetary damages. *See Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (a motion to amend should be resolved "with all inferences in favor of granting the motion.").

C. Motion to Dismiss

Plaintiffs have been granted leave to amend so they may revise their complaint to allege that Doe Six is still subject to the challenged program, and to allege that Defendants were deliberately indifferent in their failure to provide meaningful access or reasonable accommodations to Plaintiffs. Defendants' motion to dismiss is **DENIED** without prejudice pending those amendments.

## V. CONCLUSION

Accordingly, Plaintiffs' motion for leave to amend in order to add Doe 6 is **GRANTED** and Plaintiffs' motion for leave to amend in order to add intentional discrimination causes of action is **GRANTED**. Defendants' motion to dismiss is also **DENIED** without prejudice.

Plaintiffs' Third Amended Complaint shall be filed within forty-five (45) days from the date of this order.

This order disposes of Docket Nos. 208, 212, and 219.

**IT IS SO ORDERED.**

Dated: July 28, 2023

_____
EDWARD M. CHEN
United States District Judge